LONGYEAR, O'DEA & LAVRA, LLP
John A. Lavra, CSB No.: 114533
Jeri L. Pappone, CSB No.: 210104
Amanda L. Butts, CSB No.: 253651
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: 916-974-8500
Facsimile: 916-974-8510

Attorneys for County of Sacramento
and Scott R. Jones

SANFORD JAY ROSEN – 62566
ERNEST GALVAN – 196065
BLAKE THOMPSON – 255600
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone:     (415) 433-6830
Facsimile:     (415) 433-7104
Email: egalvan@rbg-law.com

LANCE WEBER
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 2420
Brattleboro, Vermont 05303-2420
Telephone:     (802) 257-1342
Facsimile:     (866) 735-7136
Email: lweber@humanrightsdefensecenter.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER ) ) Plaintiff, ) ) vs. ) ) COUNTY OF SACRAMENTO; SCOTT R. ) JONES, individually and in his capacity as ) Sheriff of the County of Sacramento; DOES 1- ) 20, in their individual and official capacities, ) ) Defendant ) ) | **Case No.: 2:11-cv-00907-JAM -DAD** **STIPULATED PROTECTIVE ORDER** L.R. 141.1 |

Defendants COUNTY OF SACRAMENTO and SCOTT JONES (collectively hereafter "Defendants") in good faith believe that certain documents relevant to the above-captioned case contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties, or if disclosed to third parties, would require such third parties to maintain the information in confidence. These confidential documents include, but are not limited to, the following:

1. Video of Prisoners/Inmates manufacturing weapons in jail
2. Photographs of weapons made by inmates at the Main Jail and/or Rio Cosumnes Correctional Center ("RCCC")

The documents to be kept confidential were made for purposes of training Sacramento Sheriff's deputies that work in the Main Jail and RCCC. These documents are for internal use by the department only. Publication of these documents would threaten the safety and security of Sacramento County's as well as other, penal institutions. Further, although the video makes every effort to conceal the faces of the featured individuals, there is no way to guarantee that these individuals could not be identified based on other features or markings. Publication of the video footage would threaten the safety and security of the individuals cooperating with law enforcement and demonstrating how various weapons can be made in a penal institution. According to Plaintiff's website, the majority of its subscribers are state and federal prisoners. Plaintiff's publication aims to provide information to prisoners and others concerned about prisoner rights regarding various issues including, but not limited to, prison conditions, disciplinary hearings, excessive force, mail censorship, jail litigation, and retaliation. Due to the sensitive nature of the documents to be disclosed, Defendants hereby request disclosure be governed by a court-ordered protective order. Defendants believe a court order, not a private agreement, properly facilitates the limited disclosure of such documents while protecting them from general disclosure.

///

///

Subject to approval of this Court, the parties by and through their counsels of record hereby stipulate that the documents described herein contain protected information and may only be disclosed and/or produced subject to the following Protective Order:

1.      The disclosed documents shall be used solely in connection with the civil case *Prison Legal News v. Jone,s et al.*, Case No. 2:11-cv-00907-JAM-DAD (U.S. District Court, Eastern District of California), and in preparation and trial of the case or any related proceeding. Defendants do not waive any objection to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.      All Protected information produced and designated as confidential hereunder shall have stamped or affixed on each page that contains Protected information "CONFIDENTIAL" and "DO NOT DUPLICATE," providing that such marking does not obscure or obliterate the content of any record. Stamping or affixing "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn stamped or affixed "CONFIDENTIAL" and "DO NOT DUPLICATE."

3.      Documents or materials designated under this Protective Order as "CONFIDENTIAL" may only be disclosed to the following persons:

   a.      Counsel for the receiving party, including paralegal, clerical, and secretarial staff, and other associated personnel employed by such counsel;

   b.      Plaintiff, provided that such review by Plaintiff occurs in the presence of its counsel of record and that Plaintiff is not provided with or allowed to maintain a copy, electronic or otherwise, of any documents designated by Defendants as subject to this protective order;

   c.      Experts and consultants who are requested by counsel of the receiving party to furnish technical, legal, expert, or other specialized services in connection with this litigation;

   d.      An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other lay personnel of such officer; and

   e.      Any other person to whom the parties agree in writing or as allowed by the Court.

4. Prior to disclosure of any protected information to any person identified in paragraph 3 and its subparts, each such recipient shall be provided with a copy of this Stipulated Protective Order, and shall review it, and sign the form attached hereto as "Attachment A."

5. Should any protected material be included in any papers to be filed, the parties agree that they will seek permission from the Court to file the Confidential information under seal according to Local Rule 141. If permission is granted, the Confidential information will be filed and served in accordance with Local Rule 141.

6. If any protected document or information is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof in accordance with paragraph 2 of this Stipulated Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

7. Protected information produced pursuant to this Protective Order may not be delivered, exhibited, or otherwise disclosed to any reporter, writer, or employee of any trade publication, newspaper, magazine, or other media organization, including but not limited to radio and television media. This provision does not preclude the disclosure of protected information to employees of the parties in this matter subject to the provisions of Paragraph 3(b).

8. All persons obtaining access to documents or materials designated under this Protective Order as Confidential shall use such material only for purposes of this action, including any appeal of the Court's ruling, and shall not use such documents or materials for any other purpose, including the furtherance of that person's business or personal interests.

///

///

///

///

9. If protected information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed protected information and prevent further disclosure of it by the person who was the recipient of such information.

10. No information shall lose its confidential status because it was disclosed inadvertently or unintentionally to a person not authorized to receive it under this Protective Order or improperly marked in accordance with paragraph 2.

11. This Order shall survive to the final termination of this action including any and all appeals therefrom. After conclusion of this litigation, all documents and materials, in whatever form stored or reproduced, containing protected information will remain confidential. Unless otherwise agreed to or ordered by the Court, within ninety (90) days following the running of any applicable time to appeal any order or ruling entered in this action, attorneys for the receiving party shall either (i) return to the producing party all copies of all protected materials disclosed by them pursuant to Paragraph 3, or (ii) certify to the producing party that all such materials have been destroyed.

12. This Order may be changed only by the written agreement of the parties or further order of the Court, and is without prejudice to the rights of a party to seek relief from or variation of any of its provisions.

IT IS SO STIPULATED.

Dated: August 18, 2011                             LONGYEAR, O'DEA & LAVRA, LLP


                                                    */s/ Amanda L. Butts*
                                                    JOHN LAVRA
                                                    AMANDA L. BUTTS

| | |
|---|---|
| Dated: August 18, 2011 | ROSEN, BIEN & GALVAN, LLP |
| | |
| | */s/ Blake Thompson* |
| | ERNEST GALVAN |
| | BLAKE THOMPSON |
| | |
| Dated: August 19, 2011 | HUMAN RIGHTS DEFENSE CENTER |
| | |
| | */s/ Lance Weber* |
| | LANCE WEBER |

IT IS SO ORDERED.

**Date: 8/23/2011**

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\prisonlegalnews0907.stip.prot.ord

**Stipulated Protective Order**
**Page - 6**