UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO; SCOTT R. JONES, individually and in his capacity as Sheriff of the County of Sacramento; DOES 1-20, in their individual and official capacities,<br><br>  Defendants. | Case No. 2:11-CV-00907 JAM-DAD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Judge:  Hon. John A. Mendez<br>Date:   March 7, 2012<br>Time:   9:30 a.m.<br>Crtrm.: 6 |

On March 7, 2012 at 9:30 a.m. this matter came on regularly for a hearing in Courtroom 6, Fourteenth Floor, of this Court, the Honorable John A. Mendez presiding.  Having considered the parties' pleadings, the arguments of counsel, and the entire record in this case, and good cause existing therefor,

**THE COURT HEREBY FINDS AND ORDERS:**

Plaintiff Prison Legal News ("PLN") has demonstrated a likelihood of success on the merits of its First Amendment claim. Defendants' policies and practices including refusing to deliver

PLN publications and mailings to prisoners because they contained staples and/or a mailing label are not supported by a legitimate penological interest and do not leave open alternative means for PLN to exercise its First Amendment rights.  Furthermore, allowing PLN to be delivered to prisoners in the Sacramento County's jails would have very limited impact on guards and other inmates, and there are obvious, easy alternatives to Defendants' bans on PLN's staples and mailing labels.  In short, Defendants' policies are an exaggerated response to any security concerns posed by PLN.

Plaintiff has demonstrated that it will suffer irreparable harm in the absence of preliminary injunctive relief and the balance of hardships tips in Plaintiff's favor.  The loss of First Amendment freedoms, for even minimal periods of time, constitutes irreparable injury.  Here, Defendants have infringed on Plaintiff's established rights to send publications to prisoners.  The grant of a preliminary injunction will not cause irreparable harm to the Defendants.  The balance of equities therefore tips in Plaintiff's favor.

Finally, the preliminary injunction set forth below is in the public interest.  Defendants' policies operated as a *de facto* ban on PLN publications.  Protecting the constitutional rights of PLN promotes the public interest.

The preliminary injunction set forth below is narrowly drawn, extends no further than necessary to correct the harm to PLN the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm.

In these circumstances, waiver of the bond requirement is appropriate because Plaintiff is a small non-profit organization

with limited resources.

**ORDER**

1.   It is HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction is granted.

2.   DEFINITIONS:

(a)   As used herein, STAPLES shall mean the type of light-duty small wire fasteners commonly used to attach a few sheets of paper, and used by the Plaintiff to bind the sheets of its monthly publication.

(b)   As used herein, MAIL LABELS shall mean the type of self-adhesive sticker used by PLN to affix an address to an item of printed matter.

3.   IT IS FURTHER ORDERED that Defendants County of Sacramento (the "County") and Scott R. Jones, and their successors, officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them (hereinafter referred to collectively as "Defendants"), shall not refuse to deliver PLN publications or mailings to prisoners at the county's jails on the ground that these publications or mailings contain STAPLES, PROVIDED that Defendants may comply by removing the STAPLES.

4.   IT IS FURTHER ORDERED that Defendants shall not refuse to deliver materials sent to prisoners from PLN because of MAILING LABELS, PROVIDED that Defendants may comply by removing the MAILING LABELS.

5.   IT IS FURTHER ORDERED that Defendants shall provide adequate written notice and an administrative appeal process to PLN

when Defendants refuse to deliver PLN publications or mailings to prisoners at the County's jails.

6.   IT IS FURTHER ORDERED that the bond requirement is waived.

7.   No person who has notice of this injunction shall fail to comply with it, nor shall any person subvert the injunction by any sham, indirection or other artifice.

IT IS SO ORDERED.

Dated: March 8, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE