SANFORD JAY ROSEN – 62566
ERNEST GALVAN – 196065
KENNETH M. WALCZAK – 247389
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: kwalczak@rbgg.com

LANCE WEBER (admitted pro hac vice)
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 2420
Brattleboro, Vermont 05303-2420
Telephone: (802) 257-1342
Facsimile: (866) 228-1681
Email: lweber@humanrightsdefensecenter.org

Attorneys for Plaintiff Prison Legal News

LONGYEAR, O'DEA & LAVRA, LLP
John A. Lavra, CSB No.: 114533
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: 916-974-8500
Facsimile: 916-974-8510

Attorney for Defendants County of Sacramento, Scott R. Jones, et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO; SCOTT R. JONES, individually and in his capacity as Sheriff of the County of Sacramento; DOES 1-20, in their individual and official capacities,<br><br>Defendants. | Case No. 2:11-cv-00907-JAM-DAD<br><br>**CONSENT DECREE**<br><br>Judge: Hon. John A. Mendez |

[635851-1]

PDF created with pdfFactory trial version www.pdffactory.com

The parties to this action, represented by counsel, stipulate to and request entry of a consent decree by the court as follows:

1. On April 5, 2011, Plaintiff Prison Legal News, a Project of the Human Rights Defense Center ("PLN" or "Plaintiff") filed suit in the above entitled matter seeking injunctive and declaratory relief, damages, and attorney's fees and costs. Plaintiff's complaint alleges an unlawful and unconstitutional custom, practice, or policy regarding the delivery of incoming publications and correspondence to prisoners at the Sacramento County jails. The complaint alleges violations of the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, and seeks injunctive and declaratory relief, money damages, attorney's fees and legal costs.

2. On June 2, 2011, Defendants Sacramento County, *et al*., (collectively "Defendants") filed an answer denying the allegations of the complaint and raising various affirmative defenses.

3. The parties agree that Defendants have disputed, and continue to dispute and deny, liability. However, in order to avoid the expense, delay, uncertainty, and burden of litigation the parties agree to the entry of this consent decree.

4. Plaintiff publishes and distributes a monthly journal of corrections news and analysis, and offers and sells books about the criminal justice system and legal issues affecting prisoners, to prisoners, lawyers, courts, libraries, and the public throughout the Country. PLN engages in protected speech and expressive conduct on matters of public concern. *See Prison Legal News* v. *Lehman,* 397 F.3d 692 (9th Cir. 2005).

5. Defendants operate the Sacramento County Main Jail ("SCMJ") and Rio Cosumnes Correctional Center ("RCCC"), two facilities which house prisoners and detainees.

6. Beginning in or around April 2009, Defendants refused to deliver publications and correspondence sent by PLN to its subscribers, potential subscribers, and readers at SCMJ and RCCC. The stated bases for these exclusions were that PLN's magazine is held together by staples, and that PLN uses standard mailing labels to address

PDF created with pdfFactory trial version www.pdffactory.com

its correspondence.

7. The Court on March 7, 2012 granted PLN's motion for preliminary injunction. The March 7, 2012 findings were:

> Defendants' policies and practices including refusing to deliver PLN publications and mailings to prisoners because they contained staples and/or a mailing label are not supported by a legitimate penological interest and do not leave open alternative means for PLN to exercise its First Amendment rights. Furthermore, allowing PLN to be delivered to prisoners in the Sacramento County's jails would have very limited impact on guards and other inmates, and there are obvious, easy alternatives to Defendants' bans on PLN's staples and mailing labels. In short, Defendants' policies are an exaggerated response to any security concerns posed by PLN.
>
> Plaintiff has demonstrated that it will suffer irreparable harm in the absence of preliminary injunctive relief and the balance of hardships tips in Plaintiff's favor. The loss of First Amendment freedoms, for even minimal periods of time, constitutes irreparable injury. Here, Defendants have infringed on Plaintiff's established rights to send publications to prisoners. The grant of a preliminary injunction will not cause irreparable harm to the Defendants. The balance of equities therefore tips in Plaintiff's favor.
>
> Finally, the preliminary injunction set forth below is in the public interest. Defendants' policies operated as a de facto ban on PLN publications. Protecting the constitutional rights of PLN promotes the public interest.

8. The parties agree that this consent decree resolves all claims for injunctive relief alleged in Plaintiff's complaint. By this consent decree, together with payment of the sum of three hundred thousand dollars ($300,000.00), the parties agree that all claims alleged by Plaintiff are fully and finally resolved. The parties agree that Plaintiff will execute a release of all claims, and that Defendant will remit payment to Plaintiff as soon as reasonably possible after the entry of this order, but not later than sixty (60) days after entry of the order. If payment is not made within sixty (60) days, interst shall accrue pursuant to 28 U.S,C. §1961 from the date of entry of this order.

PDF created with pdfFactory trial version www.pdffactory.com

9. The parties agree that the Plaintiff shall not be entitled to any attorney's fees and costs for monitoring compliance with this consent decree.

10. The parties agree that this consent decree shall only be applicable to: (a) the delivery of Plaintiff's publications, and/or publications from other known publishers and the removal of staples from those publications; and (b) the delivery of documents or correspondence from Prison Legal News and/or other known publishers that contain mailing labels.

11. The parties agree that providing prisoners with access to reading materials promotes positive contact with the communities into which prisoners will eventually be released and is therefore consistent with the Defendants' public safety mission.

12. DEFINITIONS:

   a. As used herein, STAPLES shall mean the type of light-duty small wire fasteners commonly used to attach a few sheets of paper, and used by PLN to bind the sheets of its monthly publication.

   b. As used herein, MAILING LABELS shall mean the type of self-adhesive sticker used by PLN to affix an address to an item of printed matter.

   c. As used herein, PUBLISHER shall mean any publisher or book store that does mail order business.

13. The parties agree that Defendants and their successors, officers, agents, servants, and employees, and all others in active concert or participation with them, shall not refuse to deliver publications, correspondence, or documents sent by any PUBLISHER to prisoners at the county's jails on the ground that these publications, correspondence, or documents contain STAPLES, PROVIDED that Defendants may comply by removing the STAPLES.

14. The parties agree that Defendants shall not refuse to deliver publications, correspondence, or documents sent to prisoners from any PUBLISHER because of MAILING LABELS, PROVIDED that Defendants may comply by removing the MAILING LABELS.

PDF created with pdfFactory trial version www.pdffactory.com

15. The parties agree that Defendants shall provide adequate written notice and an administrative review process to the PUBLISHER of any refusal to deliver any publication, correspondence, or document sent from a PUBLISHER to a prisoner at the County's jails. The administrative review process shall include the PUBLISHER's right to have its appeal, complaint, or inquiry considered and resolved by a decisionmaker other than the person who originally refused to deliver the publication or mailing in question.

16. Defendants also agree to purchase four (4) five-year subscriptions to PLN's monthly journal for each Sacramento County jail library, and to retain and maintain those six copies in each County Facility's libraries, for use by prisoners. Defendants shall order and pay for the subscriptions within ten (10) calendar days of the entry of this Order.

17. If Plaintiff proves, in future, any violation of this order, Defendants shall be liable for the reasonable attorney's fees and costs PLN incurs in proving the violation. Defendants shall have the opportunity to demonstrate that any violation is isolated, accidental, and/or not foreseeable in light of Defendants' history of substantial compliance and efforts to train and inform staff on mail and publication policies to mitigate relief ordered for any violation, including fees and costs.

18. The Court finds that this case concerns the First and Fourteenth Amendment rights of a publisher and is therefore not a case concerning prison conditions as defined in the Prison Litigation Reform Act of 1996. The Court further finds that the relief herein ordered is narrowly drawn, extends no further than necessary to correct the harm to PLN requiring injunctive relief, and is the least intrusive means necessary to correct that harm.

19. The Court retains jurisdiction of this matter for the purpose of enforcement of its Order until terminated upon motion made by either party.

PDF created with pdfFactory trial version www.pdffactory.com

20. No person who has notice of this consent decree shall fail to comply with it, nor shall any person subvert the injunction by any sham, indirection, or other artifice.

IT IS SO STIPULATED.

DATED: _____, 2012   ROSEN BIEN GALVAN & GRUNFELD LLP

By: _____
    Ernest Galvan

Attorneys for Plaintiff Prison Legal News
a project of the HUMAN RIGHTS DEFENSE
CENTER

DATED: _____, 2012   LONGYEAR, O'DEA & LAVRA, LLP

By: _____
    John A. Lavra

Attorneys for Defendants County of Sacramento,
Scott R. Jones

IT IS SO ORDERED.

DATED: July 16, 2012

/s/ John A. Mendez
John A. Mendez,
United States District Court Judge